Filed 7/27/22  Shiheiber v. JPMorgan Chase Bank CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| HANAN SHIHEIBER,<br><br>    Cross-complainant and<br>    Appellant,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>    Cross-defendant and<br>    Respondent. | A159313<br><br>(San Mateo County<br>Super. Ct. No. CIV493254 ) |

Appellant Hanan Shiheiber appeals from a November 5, 2019 judgment entered after trial, rejecting all her claims against lender JPMorgan Chase Bank, N.A. (Chase) arising from Chase's allegedly wrongful foreclosure upon an apartment building she owned at 789 El Camino Real in Burlingame (the El Camino property).[1]  On appeal, Shiheiber raises numerous contentions, none of which we find persuasive.  We therefore affirm the judgment.

## BACKGROUND

The background and details of this dispute are summarized in our prior opinion, in which we reversed a judgment entered in Chase's favor after the

_____

[1] Shiheiber contended that as a result of Chase's wrongful conduct, her finances and credit were impaired to such a degree that it caused her to lose two other properties to foreclosure as well:  her home in San Mateo and a duplex property on Willow Avenue in Burlingame.

trial court erroneously granted Chase a nonsuit at trial based on the statute of frauds doctrine. (See *Shiheiber v. JPMorgan Chase Bank, N.A.* (Aug. 28, 2018, A147310 [nonpub. opn.].) That ruling, and those issues, are not pertinent here.

On remand, the case proceeded to a re-trial which took place over the course of about 10 days. At least eight witnesses testified, and the reporter's transcript is more than 2,200 pages. Shiheiber has not summarized any of the trial evidence. (See Cal. Rules of Court, rule 8.204(a)(2)(C) [appellant's brief must "[p]rovide a summary of the significant facts limited to matters in the record"].) Four of her causes of action were tried to a jury (breach of the implied covenant and fair dealing; fraud; negligent misrepresentation; and money had and received) and one was tried concurrently to the court (unfair business practices under Business and Professions Code section 17200). All were rejected, judgment was again entered in Chase's favor and this timely appeal followed.

## DISCUSSION

Before turning to the issues, we briefly clarify the scope of our review. " 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Among other consequences arising from the presumption of correctness as well as related rules that govern appellate briefing, we disregard all factual statements that are not supported by a citation to the appellate record (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 156); here, Shiheiber's briefing contains

2

many passages replete with factual statements lacking any record citation, and we do not consider such factual assertions.  She also raises many new issues for the first time in her reply brief, and we do not consider those arguments either, because they are not fair game to the other party who has no opportunity to respond (see *Herrera v. Doctors Medical Center of Modesto* (2021) 67 Cal.App.5th 538, 548; *United Grand Corp.*, at pp. 157-158).

With these parameters in mind, we turn to the issues.

## I.
### *The Trial Court's Evidentiary Rulings and Its Refusal of Shiheiber's Proposed Jury Instructions*

In her opening brief, Shiheiber contends the court improperly excluded a great deal of relevant, admissible evidence (specifically, the testimony of forensic accountant Marie McDonnell, customer service logs, and "other documents" only some of which she specifically identifies), and also improperly rejected all of the jury instructions she proposed.  Chase argues there are many reasons these contentions should be rejected, including because the record is not sufficient for us to consider many of them, the trial court committed no error and Shiheiber has forfeited many of the evidentiary issues she is attempting to raise.

It is unnecessary to examine the specifics of any of Shiheiber's arguments about the evidentiary rulings or jury instructions (or Chase's various responses to them) because Shiheiber has made no effort to show that any of the asserted errors were prejudicial—that is, to show that even if the court committed an error, it is one that requires us to reverse the judgment. (See Cal. Const., art. VI, § 13.)

Specifically, when challenging an evidentiary ruling, an appellant must do more than show the trial court erred.  "A court's error in excluding

3

evidence is grounds for reversal only if the appellant demonstrates a miscarriage of justice, that is, that a different result would have been probable had the error not occurred." (*Major v. R.J. Reynolds Tobacco Co.* (2017) 14 Cal.App.5th 1179, 1202; see also *Zhou v. Unisource Worldwide* (2007) 157 Cal.App.4th 1471, 1480; Cal. Const., art. VI, § 13; Evid. Code, § 354; Code Civ. Proc., § 475.)  Here, Shiheiber's opening brief focuses exclusively on arguments that the trial court erred when it excluded various items of evidence, but she does not explain why, based on an examination of the evidentiary record made at trial, a different result would have been more probable had any of that evidence been admitted.  Indeed, after Chase pointed out this problem, she has not even tried to explain this in her reply brief, which for the most part raises a raft of entirely new issues, as well as factual arguments the relevance of which is not explained.  Because Shiheiber has not demonstrated that any of the challenged evidentiary rulings were prejudicial, she has not met her burden of demonstrating *reversible* error.  For this reason, we reject her contentions that the judgment should be reversed due to erroneous rulings concerning the admission of evidence.

Shiheiber's various arguments about the court's refusal of the jury instructions she proposed fail for the same reason.  "[T]here is no rule of automatic reversal or 'inherent' prejudice applicable to any category of civil instructional error, whether of commission or omission." (*Soule v. General Motors Corp.* (1994) 8 Cal.4th 548, 580.)  Rather, "[i]nstructional error in a civil case is prejudicial 'where it seems probable' that the error 'prejudicially affected the verdict.' " (*Ibid.*)  "[T]hat determination depends heavily on the particular nature of the error, including its natural and probable effect on a party's ability to place his full case before the jury," and "[a]ctual prejudice

4

*must be assessed in the context of the individual trial record.*" (*Ibid,* italics added.) This requires consideration of factors including "(1) the state of the evidence, (2) the effect of other instructions, (3) the effect of counsel's arguments, and (4) any indications by the jury itself that it was misled." (*Id.* at pp. 580-581.)

Our duty to examine the record to evaluate whether an instructional error is prejudicial under the *Soule* factors "is triggered 'when and only when the appellant has fulfilled his duty to tender a proper prejudice argument. Because of the need to consider the particulars of the given case, rather than the type of error, the appellant bears the duty of spelling out in his brief exactly how the error caused a miscarriage of justice.' [Citation.] These principles are derived from the axiom that prejudice is not presumed and the burden is on the appealing party to demonstrate that prejudice has occurred." (*Adams v. MHC Colony Park, L.P.* (2014) 224 Cal.App.4th 601, 614.) " 'Where any error is relied on for a reversal it is not sufficient for appellant to point to the error and rest there.' " (*Paterno v. State of California* (1999) 74 Cal.App.4th 68, 106; accord, *DiRaffael v. California Army National Guard* (2019) 35 Cal.App.5th 692, 718.)

Here, Shiheiber has not addressed the *Soule* factors for assessing the impact of the instructional errors she contends occurred, either in her opening brief or in her reply brief. Thus, she has failed to carry her burden of demonstrating that any instructional error was *prejudicial.* (See *Adams v. MHC Colony Park, L.P., supra*, 224 Cal.App.4th. at p. 615 [conclusory assertion that instructional error was prejudicial held insufficient to carry appellant's burden of affirmatively demonstrating prejudice].) For this reason, it is unnecessary to consider whether there was any instructional error in the first place. Simply put, Shiheiber has not met her burden of

demonstrating a "miscarriage of justice." (Cal. Const., art. VI, § 13; see *Century Surety Co. v. Polisso* (2006) 139 Cal.App.4th 922, 963 ["We cannot presume prejudice and will not reverse the judgment in the absence of an affirmative showing there was a miscarriage of justice[,] . . . [n]or will this court act as counsel for appellant by furnishing a legal argument as to how the trial court's ruling was prejudicial"].)

## II.

### *Amending the Complaint*

The final issue Shiheiber raises is a contention that the court abused its discretion in denying her leave to amend her complaint. The point is very vague. She does not summarize the relevant proceedings on this issue below, or even explain the nature of her request below or the court's ruling. From the record citations she gives, it appears she sought to amend her fraud cause of action at trial to conform to proof to allege a claim for punitive damages. Chase argues that her request was untimely and unduly prejudicial. It is unnecessary to consider these contentions. Because Shiheiber has not demonstrated a basis to reverse the jury's verdict absolving Chase of all wrongdoing, her claim for punitive damages is moot. (See, e.g., *Carachure v. Scott* (2021) 70 Cal.App.5th 16, 33-34 [challenge to order striking punitive damages claim held moot, based upon jury verdict establishing no basis for underlying claims which had been resolved by settlement].) Simply put, "no effective relief may be afforded even were we to find her appeal of the court's [ruling regarding] the punitive damages allegations . . . meritorious." (*Id.* at p. 34.)

## DISPOSITION

The judgment is affirmed. Respondent shall recover its costs.

 

 

 

_____

STEWART, J.


We concur.


_____

RICHMAN, Acting P.J.


_____

MAYFIELD, J.*


*Shiheiber v. JPMorgan Chase Bank, N.A.* (A159313)

---

     * Judge of the Mendocino Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.